**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> wangqiao dba Look at Joes clothes, <br><br> Defendant. | **Case No. 1:26-cv-00944** <br><br><br> **Honorable Sara L. Ellis** <br><br> **Magistrate M. David Weisman** |

<u>**PRELIMINARY INJUNCTION ORDER**</u>

Plaintiff SHENZHEN DAISILI COMMERCIAL CO., LTD. ("Plaintiff") filed a

Motion for Entry of a Preliminary Injunction against Defendant, wangqiao dba Look at Joes

clothes, ("Defendant"), and its fully interactive, e-commerce store[1] operating under the seller

aliases identified in Exhibit 2 to the First Amended Complaint and attached hereto and using

at least the domain name identified in Exhibit 2 (the "Defendant's Domain Name") and the

online marketplace account identified in Exhibit 2 (the "Online Marketplace"). After

reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion

in part as follows.

This Court finds Plaintiff has provided notice to Defendant in accordance with the

Temporary Restraining Order entered February 25, 2026 [18] ("TRO"), and Federal Rule of

Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal

jurisdiction over Defendant because Defendant directly targets its business activities toward

consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis

---

[1] The e-commerce store url is listed on Exhibit 2 of the Complaint hereto under the Online Marketplace.

to conclude that Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including to the State of Illinois, and has sold competing products through the unauthorized use and display of Plaintiff's federally registered Copyright (the "Plaintiff's Copyright Registration") to residents of the State of Illinois, which includes Plaintiff's Copyright: VA0002407256. In this case, Plaintiff has also presented evidence that the Defendant and its respective e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using unauthorized use and display of Plaintiff's Copyright. *See* Docket No. 16-1, which includes evidence confirming that the Defendant has shipped its competing goods to a customer in Illinois using the unauthorized use and display of Plaintiff's Copyright.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a prima facie case of copyright infringement because (1) Plaintiff is the lawful assignee of all rights, titles, and interests in and to the federally registered Copyright; (2) Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or uses knock-off products that infringes directly and/or indirectly Plaintiff's federally registered Copyright; and (3) an ordinary observer would be deceived into thinking the image was the same as Plaintiff's federally registered Copyright.

2

Furthermore, Defendant and its continued and unauthorized use of Plaintiff's federally registered Copyright irreparably harms Plaintiff through loss of customers' goodwill and reputational harm. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions. Accordingly, this Court orders that:

1.  Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be preliminarily enjoined and restrained from:

    a.  using or displaying the Plaintiff's Coypright, in any medium, whether it be print, digital or otherwise, in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Copyright product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyright;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff through the use or display of the Plaintiff's Copyright.

    c.  committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff nor authorized by Plaintiff to be sold or offered for sale through the use or display of the Plaintiff's Copyright.

2.     Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of the Defendant's financial accounts.

3.     The domain name registries for Defendant and its Domain Name, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant's Domain Name and make it inactive and untransferable until further ordered by this Court.

4.     Upon Plaintiff's request, Defendant and any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a.   the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

   b.   the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial

4

accounts, including Defendant's sales and listing history related to its respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of competing and infringing goods using the Plaintiff's Copyright.

6. Any Third-Party Providers, including Temu, DHgate, PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendant's seller aliases, including, but not limited to, any financial accounts connected to the information listed in Exhibit 2 to the First Amended Complaint, any e-mail addresses provided for Defendant by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5

7.      Plaintiff may provide notice of the proceedings in this case to Defendant including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by email and electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendant by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford them the opportunity to present their objections.

8.      Exhibits 1 and 2 to the First Amended Complaint [16 and 16-1] and the TRO [18] are unsealed.

9.      Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10.      The $17,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

DATED: March 20, 2026

_____
Sara L. Ellis
United States District Judge

| Def. No. | Seller's Name | Link to Seller's Website |
|---|---|---|
| | VA0002407256 | |
| 1 | wangqiao<br>dba<br>**Look at Joes clothes** | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418210814410&goods_id=601099686530790&sticky_type=3&refer_page_el_sn=200446&_x_share_id=252e836f-224a-4529-997e-ea4cd9bd&_x_sessn_id=vr3djwcj6y&refer_page_name=goods&refer_page_id=10032_1764135639181_919g2ct4gc&refer_page_sn=10032 |